56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Royal STOUT, Defendant-Appellant.
 No. 94-10395.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Royal Stout, after remand from this court for resentencing, appeals his sentence for aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Stout contends that the district court erred by increasing his offense level three levels based on his managerial or supervisory role in the offense under U.S.S.G. Sec. 3B1.1(b). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's findings of fact for clear error. United States v. Smith, 924 F.2d 889, 895 (9th Cir. 1991). An enhancement under Sec. 3B1.1(b) is proper only in criminal activity involving more than five participants. See U.S.S.G. Sec. 3B1.1(b) (1988). "'[I]n order for a defendant to receive an adjustment under Sec. 3B1.1(b) for his role in the offense as a manager or supervisor, the defendant must have managed or supervised at least one participant."' United States v. Barnes, 993 F.2d 680, 685 (9th Cir. 1993) (quoting United States v. Helmy, 951 F.2d 988, 997 (9th Cir. 1991), cert. denied, 112 S. Ct. 2287 (1992)).
 
 
 4
 Here, the government sufficiently established that Stout participated in criminal activity which involved six persons. The district court rejected the government's request for a four level role adjustment under Sec.3B1.1(a) based on Stout's role as an organizer or leader. The district court, however, did find that Stout recruited and directed Deborah Stout and Dianna Pearson, and directed but did not recruit Sherry Baughn. The district court also found that Stout exercised a substantial degree of control over Deborah Stout, his daughter. Thus, the district court did not clearly error by finding that Stout's role in the offense was that of a manager or supervisor under Sec. 3B1.1(b) of the Sentencing Guidelines. See Smith, 924 F.2d at 895.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3